OPINION OF THE COURT
Edward M. Murray, J.
The court finds that the State in 1977 entered a deficiency assessment against the claimant for $140.58 based on the 1973 income of claimant and his deceased wife. By June 3, 1982 interest and penalty had increased the amount to $267.25. Claimant filed an income tax return for 1981 which indicated an overpayment of $210.38. The State, by notice dated June 3,1982, informed the claimant that the 1981 overpayment had been applied to a reduction of the 1977 assessment. The claimant on June 21, 1982 filed a claim for the 1981 overpayment in the amount of $210.38. The defendant has moved for a dismissal of the claim on the ground that the State had the right to set off the 1977 assessment against the overpayment admittedly due for 1981. The court finds that the provisions of sections 686 and 692 of the Tax Law authorized the setoff. Among other things the claimant contends that subdivision (h) of section 692 is a Statute of Limitations which prevents the setoff. Subdivision (h) specifically refers to a permissive action of the Attorney-General and the six-year period starts to run on the date of the assessment rather than the year on which the assessment is based. The court finds that the State had the right to set off the 1981 overpayment against the 1977 assessment. It is, therefore, ordered that the motion to dismiss the claim is granted, and it is further *424 ordered that the cross motion by claimant for summary judgment is denied, and it is further ordered that claim No. 66786 is dismissed.